# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 1:01-CR-0457-3-JOF |
| CLIFFORD FORD, : | |
| : | |
| Defendant. : | |

## ORDER AND
## AMENDED JUDGMENT AND COMMITMENT

This matter is before the court on Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [594].

On January 28, 2002, Defendant pled guilty to a charge of maintaining a drug involved premises, in violation of 18 U.S.C. §§ 848 and 856. On September 26, 2002, the court sentenced Defendant to 87 months' imprisonment followed by three years' supervised release and a $100 special assessment. The Presentence Report calculated Defendant's initial base offense level at 36 based on 690.5 grams of cocaine base. The base offense level was reduced by three for acceptance of responsibility. Further, during the sentencing hearing, the court granted Defendant a four-level reduction for minimal role in the offense. Thus, Defendant's base offense level was 29 with a corresponding Guideline range of 87-

108 months. The court imposed a sentence of 87 months followed by three years' supervised release. Defendant's projected release date is March 21, 2009.

Title 18 U.S.C. Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. Revised Sentencing Guideline section 1B1.10(a) also provides that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."

Defendant's motion relies on Amendment 706 to the United States Sentencing Guidelines which lowered by two levels the base offense level for many crack cocaine offenses. The United States Sentencing Commission has deemed the amendment to apply retroactively with an effective date of March 3, 2008. See U.S.S.G. § 1B1.10(c). In a memorandum concerning Defendant's motion, the United States Probation Office agrees that Defendant is eligible for a two-level reduction. In its response to Defendant's motion, the United States Government also agrees that Defendant is eligible for a reduction.

2

A finding that a defendant is eligible for a reduction under Amendment 706, however, does not end the inquiry. A defendant has no automatic right to relief under § 3582(c)(2). See, e.g., United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). Rather, the court must consider the factors set forth in § 3553(a). That is, under Vautier, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." Id. at 760. Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id.

Further, the Application Notes to U.S.S.G. § 1B1.10 instruct that in addition to the to the § 3553(a) factors, courts considering whether to reduce the term of imprisonment as a result of the amended guideline range "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." § 1B1.10, at Application Note 1(b)(ii)-(iii).

3

AO 72A
(Rev.8/82)

Applying the steps in Vautier, the court finds that if it affords Defendant the benefit of Amendment 706, his offense level would fall from 29 to 27 which would yield a sentencing range of 70 to 87 months. In his original sentence, the undersigned sentenced Defendant to the low end of the Guideline range.

The Probation Office reports that Defendant had maintained clear conduct throughout his incarceration. He has completed 488 hours in the GED program and is listed as GED exempt.

The court has considered all of the § 3553(a) factors, as well as the nature and seriousness of any danger to the community and Defendant's post-sentencing conduct pursuant to § 1B1.10. For the foregoing reasons, the court GRANTS Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [594].

The court REDUCES Defendant's sentence from 87 months' imprisonment to 70 months' imprisonment. In all other respects the Judgment and Commitment entered October 9, 2002 shall remain the same.

As Defendant's projected release date is March 21, 2009, the court finds that the reduction in sentence renders Defendant eligible for immediate release. The court DIRECTS that Defendant be released by the Bureau of Prison from custody within TEN (10) days of receipt of this order.

4

Let a copy of this Order be served on the Defendant, the United States Attorney, the United States Probation Office, and the United States Marshal.

**IT IS SO ORDERED** this 9th day of September 2008.

                                               s/ J. Owen Forrester
                                               J. OWEN FORRESTER
                                 SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)